OPINION
Defendant-appellant Chuckie Lee appeals from his conviction and sentence, following a no-contest plea, for Possession of Crack Cocaine. Lee contends that the trial court erred by denying his motion to suppress evidence, arguing that the evidence was obtained as the result of an unlawful stop of the automobile in which he was a passenger. Lee argues that the police officers making the stop could not have reasonably relied upon a Genesis II Radar unit in determining that the automobile was speeding. The State argues that sufficient evidence was introduced at the suppression hearing of the reliability of the radar unit.
We conclude that it is immaterial whether the police officer could reasonably rely upon the radar unit, because he testified, and the trial court found, that he had visually estimated the automobile to be exceeding the speed limit by about 10 m.p.h., before he deployed the radar unit. Therefore, the officer had probable cause for the stop for a speeding violation, regardless of whether he could properly rely upon the reading from his radar device. Accordingly, the judgment of the trial court is Affirmed.
 I
A little after 5:00 in the evening of December 4, 2000, while it was still daylight, Dayton police officers Timothy Gould and Rodney Barrett were conducting radar traffic surveillance on Lexington Avenue, in Dayton. They were using a Genesis II Radar unit. Gould testified concerning his initial observation of the automobile in which Lee was a passenger, as follows:
 Q. And at the time that you first initially saw it, uh . . . what did you see?
 A. I — I saw a vehicle traveling at what appeared to be a higher rate of speed than the posted speed limit, I estimated, by about ten miles per hour or so.
 Q. And, uh . . . — and at some point you, uh . . . clocked it on the Genesis Two Radar; is that correct?
 A. As soon as I saw the vehicle and believed that it was traveling in excess of the speed limit, I activated the rear antennae of the radar unit.
* * *
 Q. Okay. And w — did the unit, uh . . . respond with a, . . . uh — a speed, a number?
 A. It responded with a speed and also a Doppler tone, which was very clear. . . .
Q. Okay.
 A. . . . indicating that it was picking up a good solid target.
Q. What was speed that the unit indicated?
A. Thirty-five m.p.h.
 Q. Okay. And is that in excess of the posted speed there?
A. Yes, it is.
Barrett and Gould stopped the car in which Lee was a passenger. As a result of the stop, marijuana and crack cocaine were found on Lee's person. Lee was indicted for Possession of Crack Cocaine in an amount exceeding 25 grams, but less than 100 grams.
Lee moved to suppress the evidence, contending that it was obtained as a result of an unlawful traffic stop. Following a hearing, Lee's motion to suppress was denied. Thereafter, Lee entered a plea of no contest, was found guilty, and was sentenced accordingly. From his conviction and sentence, Lee appeals.
 II
Lee's sole assignment of error is as follows:
 THE TRIAL COURT ERRED BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE DISCOVERED AS A RESULT OF THE ILLEGAL STOP OF THE VEHICLE IN WHICH DEFENDANT WAS RIDING.
The essence of Lee's argument is contained in the following paragraph in his brief:
 The evidence presented by the state failed to show that the officers could reasonably rely upon the Genesis II Radar unit. There was no logbook indicating the time and methods of calibration of the unit. The Dayton police department keeps no record of the calibration and thus there is no standard to judge the reliability of the particular unit. The totality of the circumstances surrounding the stop of the vehicle does not indicate probable cause to stop the vehicle for a speed violation. Absent a reason to stop the vehicle, all evidence discovered as a result of the illegal stop should have been suppressed.
Gould's testimony at the suppression hearing mainly concerned the reliability of the Genesis Two Radar unit. He and Barrett both testified concerning a variety of tests of the unit on the day Lee was arrested. Gould testified that as they pulled out of the station at the beginning of their shift, he activated the radar unit, and the speed it indicated was the speed shown on their cruiser's speedometer.
Although it is true, as Lee contends, that no logbook was kept to record the times and methods of calibration of the unit, it would appear that the unit's reliability was satisfactorily established in the testimony at the suppression hearing, at least for purposes of probable cause to make a stop. Furthermore, as the trial court noted in its decision denying the motion to suppress, Officer Gould had visually estimated that the car was exceeding the posted speed limit by about 10 m.p.h., and this visual estimation, by itself, would suffice for probable cause to make a stop.
We conclude that there was probable cause to stop the car in which Lee was a passenger for a speeding violation. Accordingly, the trial court did not err in overruling the motion to suppress. Lee's sole assignment of error is overruled.
 III
Lee's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.